U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

JUL - 1 2005

AT_____O'CLOCK____M
LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

--------------------------------

ONEIDA INDIAN NATION OF NEW YORK,

              Plaintiff,

vs.                            5:00-CV-506

MADISON COUNTY,

              Defendant.

--------------------------------

APPEARANCES:                         OF COUNSEL:

MACKENZIE HUGHES LLP           PETER D. CARMEN, ESQ.
Attorneys for Plaintiff
101 South Salina Street
P.O. Box 4967
Syracuse, NY 13221-4967

ZUCKERMAN SPAEDER LLP         MICHAEL R. SMITH, ESQ.
Attorneys for Plaintiff               WILLIAM W. TAYLOR, III, ESQ.
1201 Connecticut Ave, NW
Washington, DC 20036

NIXON PEABODY LLP              DAVID M. SCHRAVER, ESQ.
Attorneys for Defendant           G. ROBERT WITMER, JR., ESQ.
Clinton Square                        JOHN J. FIELD, ESQ.
P.O. Box 31051
Rochester, NY 14603-1051

HON. ELIOT SPITZER               HOWARD L. ZWICKEL, ESQ.
Attorney General for the State of New York   DAVID B. ROBERTS, ESQ.
Attorney for Amicus State of New York     Ass't Attorneys General
The Capitol
Albany, NY 12224-0341

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**and**

**PRELIMINARY INJUNCTION**

I. **BACKGROUND**

On March 30, 2000, plaintiff Oneida Indian Nation of New York ("Nation") filed the complaint in this action asserting the illegality of a foreclosure action (No. 98-999) brought by defendant Madison County ("County") in New York State Supreme Court, Madison County, on December 1, 1999. Pursuant to an agreement among the parties, the County filed certificates withdrawing the Nation parcels from subsequent proceedings in the foreclosure action. The foreclosure action remained pending and pursuant to a state law the withdrawn parcels could be reinstated. Moreover, each succeeding year the County filed a new foreclosure action against parcels of Nation land and then withdrew those parcels pending a decision in a related case, Oneida Indian Nation of New York v. City of Sherrill, 00-CV-223 ("Sherrill").

An order was issued in Sherrill on June 4, 2001, the details of which are not relevant to this motion. Orders were also entered on June 4, 2001, in this action denying the County's motion to dismiss for failure to join an indispensable party, granting judgment on the pleadings in favor of the Nation, and enjoining Madison County from imposing property taxes and proceeding with foreclosure of Nation properties. Judgment was entered accordingly. The orders in this action and in Sherrill were timely appealed. In October 2003, the United States Court of Appeals for the Second Circuit issued decisions in this action and in Sherrill. The order in the Sherrill case was affirmed. In this action a mandate issued vacating the judgment in favor of the Nation and remanding for further proceedings. The mandate was

filed in the Northern District of New York on October 22, 2003. The judgment was then vacated. The County answered the complaint as directed, on November 6, 2003.

Also on November 6, 2003, the County moved to stay proceedings in this action pending resolution of the Land Claim Action, No. 74-CV-187. The Nation opposed. The motion was denied on December 12, 2003, after hearing oral argument. No proceedings have taken place since that time in this case.

The United State Supreme Court granted certiorari in the Sherrill case. On March 29, 2005, a decision was issued and rehearing was denied. That decision is available at 125 S. Ct. 1478 (2005). A mandate has yet to be issued.

Meanwhile, as had been the practice each year during the pendency of these related cases, the County initiated a foreclosure action, No. 03-999, on November 14, 2003, against 98 Nation parcels, including the parcels that were initially named in the 98-999 foreclosure action. This time, however, the County did not withdraw the Nation parcels from the foreclosure action.

On April 28, 2005, the County moved for summary judgment in the state court foreclosure actions returnable on June 3, 2005. The Nation requested an adjournment of the return date and also requested an order to show cause why a stay should not be entered due to the litigation of the federal issues in this case. The state court granted a brief adjournment of the return date to July 14, 2005, but declined to enter the order to show cause.

The Nation then made motions for a preliminary injunction and summary judgment returnable July 8, 2005. The County requested an adjournment of the summary judgment motion. The County noted that this case and Sherrill "raise issues that are critically important to the citizens of Central New York and to State and local Government." (Shraver Letter

June 9, 2005.) The County asserted that the summary judgment motion was premature. Id. It argued that the current briefing schedule "would not permit the orderly development of the case, the full development of the record (including both factual and expert materials), or the fair presentation of the issues for consideration by the Court." Id. The County further argued that "there is no urgency in regard to the Motion for Summary Judgment." Id. Finally, the County urged that it "stand[s] ready to work with the Court and the plaintiff toward a reasonable schedule consistent with the complexity, scope and significance of this case." Id. (emphasis added). Notably, however, the County vehemently opposed a stay or adjournment of the state court foreclosure actions.

After conferencing with the parties, the County's request was granted and the Nation's motion for summary judgment was adjourned without date. The motion for a preliminary injunction was rescheduled. Thereafter, the County filed a motion to dismiss the complaint.

Oral argument on the Nation's preliminary injunction motion was heard on June 29, 2005, in Utica, New York. Decision was reserved.

## II. ANALYSIS

The Nation seeks a preliminary injunction prohibiting the County from proceeding in the state court foreclosure actions, propounding that the parcels it owns are not amenable to foreclosure. The All Writs Act, 28 U.S.C. § 1651, provides that "federal courts may 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" United States v. Int'l Brotherhood of Teamsters, 266 F.3d 45, 49 (2d Cir. 2001) (per curiam) (quoting 28 U.S.C. § 1651(a)). This "includes the power to 'issue such commands . . . as may be necessary or appropriate to effectuate and prevent the

frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" Id. at 49-50 (alteration in original) (quoting Sheet Metal Contractors Ass'n v. Sheet Metal Workers' Int's Ass'n, 157 F.3d 78, 82 (2d Cir. 1998)). The power under the All Writs Act is broad and applies to parties and nonparties alike. Id. at 50. A court may issue an injunction "'when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.'" Id. (quoting In re Baldwin-United Corp., 770 F.2d 328, 338 (2d Cir. 1985)).

Jurisdiction is proper in this action pursuant to 28 U.S.C. §§ 1331, 1362, & 1367. Thus, a preliminary injunction may issue under the All Writs Act as necessary to aid in that jurisdiction and to preserve the ability to reach a decision in this case. See Int'l Brotherhood of Teamsters, 266 F.3d at 50.[1]

The issue in this action is the amenability of land owned by the Nation to foreclosure. As the County points out, this issue is "critically important." (See Shraver Letter June 9, 2005.) The County also recognizes the "complexity, scope and significance of this case." Id. It states that there is no urgency to the resolution of the case, id., yet forges ahead to obtain foreclosure in state court at the earliest possible date. The County admits that if the state court were to order foreclosure on July 14, 2005, the issue of whether foreclosure were permissible (to be decided in this case) would be moot. Thus, permitting the state court foreclosure action to proceed would deprive this court of its jurisdiction to decide the complex and significant issues presented in this case. As the County notes, an appropriate amount of time is needed to develop the case, fully develop the record, and fairly

---

[1] Neither the defendant nor amicus addressed the All Writs Act in their memoranda of law.

present the issues for consideration.² This is even more necessary now that the County has filed its motion to dismiss. This case has been pending since March 2000. There is no need to rush to judgment in a complex case such as this. In order to preserve the ability to a reach a decision in this case, over which jurisdiction exists, it is necessary to enjoin the County from pursuing foreclosure in state court with regard to any Nation-owned property. See 28 U.S.C. §1651(a); Int'l Brotherhood of Teamsters, 266 F.3d at 50. The Nation providing substantial security will protect the County's interests.

### III. CONCLUSION

Based upon the foregoing a preliminary injunction will be issued pursuant to the discretion granted under the All Writs Act. A scheduling order will be simultaneously filed with regards to the motions for summary judgment and to dismiss.

Accordingly, it is

ORDERED that

1. Plaintiff's motion for a preliminary injunction is GRANTED;

2. Madison County and its officers, agents, servants, and employees and all persons and entities in active concert or participation with them are hereby ENJOINED and RESTRAINED from taking any action to foreclose upon property in the possession of the Oneida Indian Nation of New York; from interfering with the Oneida Indian Nation of New York's ownership, possession, or occupancy of its properties; and from taking any act to evict

---

² For example, the day before oral argument, the Second Circuit issued a significant decision. See Cayuga Indian Nation of New York. v. Pataki, __ F.3d __, 2005 WL 1514245 (2d Cir. June 28, 2005). The parties must have an opportunity to brief this "unusually complex and confusing area of law," id. at *9, without the additional burden of a parallel state court proceeding.

the Oneida Indian Nation of New York or its officers, agents, servants, employees, members, guests, customers or invitees from its properties; and

    3. The Oneida Indian Nation of New York shall post with the Clerk security in the sum of $3,000,000.00 on or before July 12, 2005, or this preliminary injunction will be subject to being vacated upon motion of the County.

    IT IS SO ORDERED.

                                                 _____
                                                 United States District Judge

Dated: July 1, 2005
       Utica, New York.