UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ONEIDA INDIAN NATION OF NEW YORK,

                Plaintiff,

  vs                                         5:00-CV-506

MADISON COUNTY,
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

MACKENZIE HUGHES LLP               PETER D. CARMEN, ESQ.
Attorneys for Plaintiff
101 South Salina Street
P.O. Box 4967
Syracuse, NY 13221-4967

ZUCKERMAN SPAEDER LLP            MICHAEL R. SMITH, ESQ.
Attorneys for Plaintiff                  WILLIAM W. TAYLOR, III, ESQ.
1800 M Street, NW
Washington, DC 20036

NIXON PEABODY LLP                  DAVID M. SCHRAVER, ESQ.
Attorneys for Defendant              G. ROBERT WITMER, JR.
Clinton Square                           JOHN J. FIELD, ESQ.
P.O. Box 31051
Rochester, NY 14603-1051

HON. ELIOT SPITZER                 HOWARD L. ZWICKEL, ESQ.
Attorney General for the State of New York   DAVID B. ROBERTS, ESQ.
Attorney for Amicus State of New York      Ass't Attorneys General
The Capitol
Albany, NY 12224-0341

DON B. MILLER, P.C.                 DON B. MILLER, ESQ.
Attorneys for Proposed Intervener Stockbridge-
    Munsee Band of Mohican Indians
1305 Cedar Avenue
Boulder, CO 80304


DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. INTRODUCTION

Defendant Madison County moves pursuant to Rules 52(b), 59(e) and 60(b) of the Federal Rules of Civil Procedure to amend or make additional findings, alter or amend the judgment, or for relief from the judgment filed on October 27, 2005. See Oneida Indian Nation of N.Y. v. Madison County, 401 F. Supp. 2d 219, 232-33 (N.D.N.Y. 2005) (permanently enjoining Madison County from foreclosing on Oneida Indian Nation property and declaring that the Oneida Indian Nation's reservation was not disestablished, among other things).[1] Amicus State of New York ("the State") filed a letter brief in support of Madison County's motion. Plaintiff Oneida Indian Nation of New York ("the Nation") opposes. Madison County filed a reply brief in further support.

Stockbridge-Munsee Band of Mohican Indians ("Stockbridge") moves to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). Madison County did not object. The State filed a letter brief concurring with Madison County's position. The Nation opposes.

Oral argument was heard on January 30, 2006. Decision was reserved.

---

[1] Among the other issues decided was whether Madison County could assess penalties and interest against the Nation for unpaid taxes. The Nation argued that tribal immunity insulated it from the imposition of penalties and interest. Madison County failed to argue to the contrary. Accordingly, judgment was entered which permanently enjoined Madison County from assessing and/or collecting penalties and interest on unpaid taxes against the Nation. Madison County did not move for relief from the judgment as it pertains to penalties and interest.

However, in the companion Oneida County case (decision filed this date) the Nation did not argue that tribal sovereign immunity insulated it from imposition of penalties and interest. It only argued that equitable principals must be applied to preclude assessment of penalties and interest for nonpayment of taxes for the period prior to the Sherrill decision of March 29, 2005. This argument was adopted. Accordingly, judgment was entered which permanently enjoined Oneida County from assessing and/or collecting penalties and interest on unpaid taxes prior to March 29, 2005, against the Nation.

As a result, the judgments in the two cases differ in regard to penalties and interest.

## II. BACKGROUND

An extensive factual and procedural background is set forth in prior decisions, familiarity with which is assumed. See Oneida Indian Nation of N.Y. v. City of Sherrill, N.Y., 145 F. Supp. 2d 226, 233-36 (N.D.N.Y. 2001), aff'd, 337 F.3d 139, 146-52 (2d Cir. 2003), vacated & remanded, 544 U.S. 197, 125 S. Ct. 1478 (2005); Oneida Indian Nation of N.Y. v. Madison County, 401 F. Supp. at 222-223 (setting forth procedural history of the case); see also Oneida Indian Nation of N.Y. v. Madison County, 145 F. Supp. 2d 268 (N.D.N.Y. 2001), vacated & remanded, 337 F.3d 139 (2d Cir. 2003).  Therefore, it is unnecessary to repeat that background here.

## III. MADISON COUNTY'S MOTION

Madison County contends that there are five issues regarding what land remains part of the Oneida Indian Reservation ("the Reservation") which arise out the October 27, 2005, decision finding that the Reservation was not disestablished.  Madison County urges that resolution of each of the five issues (in its favor) will result in a diminishment of the area that constitutes the Reservation.  First, Madison County argues that the location of a part of the western boundary set forth in the 1788 Treaty of Ft. Schuyler is disputed.  Next, it argues that it is disputed whether the six-mile-square Stockbridge reservation described in the 1788 Treaty was ever thereafter part of the Reservation.  It then argues that treaties were entered into in 1798 and 1802 in which the Nation ceded land to the State.  Finally, Madison County argues that the 1838 Treaty of Buffalo Creek authorized the sale of lands by the Nation to the State, which were consummated in 1840 through 1842, and those lands should not be

considered a part of the Reservation. Madison County relies upon Federal Rules of Civil Procedure 52(b), 59(e) and 60(b) as bases for altering or amending the October 27, 2005, judgment.

### A. Rules 52(b) and 59(e)

Rule 52(b) provides that, upon a timely motion, findings may be amended and additional findings may be made, and the judgment may be altered accordingly. Rule 59(e) provides authority to alter or amend a judgment. Motions for reconsideration brought pursuant to these rules "can correct 'manifest errors of law or fact,' but cannot be used to 'relitigate old issues, to advance new theories, or to secure rehearing on the merits.'" Sank v. City Univ. of New York, No. 94 Civ. 0253(RWS), 2003 WL 21403682, at *2 (S.D.N.Y. June 19, 2003) (quoting, in a parenthetical, United States v. Int'l Longshoreman's Ass'n, 831 F. Supp. 167, 169 (S.D.N.Y. 1993), aff'd, 112 Fed. Appx. 761 (2d Cir. 2004)), aff'd, 52 F.3d 1173 (2d Cir. 1995); Cole v. United States, No. 98 CV 7670(SJ), 2005 WL 3454322, at *2 (E.D.N.Y. Dec. 7, 2005). In other words, additional facts or new theories cannot be presented on a motion for reconsideration, unless it is shown that there were "controlling decisions or data that the court overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 256-57 (2d Cir. 1995); Cole, 2005 WL 3454322, at *2; Sank, 2003 WL 21403682, at *2. Such purportedly overlooked decisions or data must "reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257; Cole, 2005 WL 3454322, at *2.

In the October 27, 2005, Memorandum-Decision and Order, upon which the judgment was based, it was found that lands currently owned by the Nation could not be foreclosed upon by Madison County. It was further found that the Reservation (as reserved

to the Nation in the 1788 Treaty of Ft. Schuyler and confirmed in the 1794 Treaty of Canandaigua) was not disestablished. Madison County rests its motion on the theory that certain later treaties either changed the boundaries of the Reservation or diminished the amount of land within it. It did not advance this theory in the more than six years that this case has been pending, including during the motion practice that led to the October 27, 2005, judgment. In fact, during that motion practice Madison County acquiesced in the Nation's assertion that all of the parcels at issue were within the Reservation. (See, e.g. Madison County Reply Mem. at 4-5.) Moreover, Madison County states unequivocally that "boundary-line issues were not presented" on that motion. Id. at 5.

Madison County has not pointed out any controlling decisions or data that were overlooked in reaching the October 27, 2005, decision. Rather, Madison County propounds a new theory and new facts on the current motion. New theories and new facts cannot provide a basis for relief pursuant to Rules 52(b) and 59(e). See Shrader, 70 F.3d at 256-57; Cole, 2005 WL 3454322, at *2; Sank, 2003 WL 21403682, at *2.[2] Accordingly, the motion in this regard must be denied.

### B. Rule 60(b)

Madison County also seeks relief from the October 27, 2005, judgment pursuant to Rule 60(b). "On motion and upon such terms are just, the court may relieve a party . . . from

---

[2] Madison County's reliance on Fort Knox Music, Inc. v. Baptiste, 203 F.3d 193, 197 (2d Cir. 2000) is misplaced. As the defendant notes, Baptiste supports the proposition that a record may be amplified for appeal. There, the district court found that personal jurisdiction existed, but failed to set forth any basis for that finding. Id. Accordingly, the Second Circuit remanded the matter "for supplementation of the record with a statement of the factual and doctrinal grounds" for the personal jurisdiction ruling. Id. Here, a party seeks amendment of a judgment based upon new facts and theories that could have been presented previously, a wholly different scenario than was confronted in Baptiste.

- 5 -

a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Relief under the "any other reason" justification set forth in clause (6) cannot be had unless the basis for relief is "not encompassed within any of the first five clauses." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977).

Relief pursuant to 60(b)(6) is available only in "extraordinary circumstances" or a situation of "extreme hardship." Id. (internal quotations omitted).  For example, in Cirami, it was found that extraordinary circumstances existed where a party failed to answer a summary judgment motion due to counsel's mental illness, where the party exercised due diligence and was unaware of the attorney's problem. Id. at 34-35.  In Matter of Emergency Beacon Corp., extraordinary circumstances existed justifying amendment of the judgment when an order included an authorization to issue a certificate of indebtedness, but the judge did not intend to make such authorization and it would have been procedurally incorrect to do so.  666 F.2d 754, 761 (2d Cir. 1981).

Here, Madison County argues that if the judgment is not amended it "will foster conflict, confusion, disputes over regulatory and land use issues, and will otherwise cause

substantial hardship for Madison County and its citizens, and perhaps for the Oneidas as well." (Madison County Mem. at 5.) However, this statement alone, with no explanation or further amplification of how the proposed amendment to the judgment would prevent any such conflict, confusion, disputes, and substantial hardship, is insufficient to justify relief from the judgment. See id. Accordingly, Madison County has failed to show that extraordinary circumstances or a situation of extreme hardship exist, justifying relief from the judgment. The motion made pursuant to Rule 60(b) must be denied.

## IV. STOCKBRIDGE MOTION TO INTERVENE

Stockbridge moves to intervene pursuant to Fed. R. Civ. P. 24(a). The purpose of Stockbridge's proposed intervention is solely to ensure that its claimed six-mile-square reservation is not determined to be lands of the Nation. (Stockbridge Mem. at 2.)

Pursuant to Rule 24(a) intervention as of right is appropriate, upon a timely application, when a federal statute "confers an unconditional right to intervene" or if the proposed intervener "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Id. Four factors determine if an application pursuant to Rule 24(a) is timely: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

As noted, Stockbridge's asserted interest in this action is to ensure that there is no determination that the six-mile-square area it claims as its reservation is the Nation's land. There was no issue regarding Stockbridge's purported six-mile-square reservation leading up to the October 27, 2005, Memorandum-Decision and Order and the resulting judgment. Not only was there no such issue, there has been no such determination. Further, in light of the denial of Madison County's motion to amend or alter the judgment or obtain relief therefrom, there will be no such determination. Accordingly, Stockbridge has no interest in this action, and no disposition in this action will impair or impede Stockbridge's abilities to protect its interests.

Moreover, it was well known from before the inception of this action six years ago that the six-mile-square area was within the boundaries of the Nation's historical Reservation. Any delay would prejudice the existing parties, and no circumstances militate for a finding of timeliness. Thus, even if it could be said that Stockbridge had an interest in the subject of this action, the motion to intervene would be denied as untimely.

## V. CONCLUSION

Madison County's new theory and new facts cannot justify altering or amending the judgment pursuant to Rules 52(b) and 59(e). Relief from the judgment is not justified pursuant to Rule 60(b), as Madison County has failed to demonstrate entitlement under that rule. Finally, Stockbridge is not entitled to intervene as of right because it has no interest in this action, and even if it did such motion is untimely.

Accordingly, it is

ORDERED that

1. Madison County's motion to amend or make additional findings, alter or amend the judgment, or for relief from the judgment filed on October 27, 2005, is DENIED; and

2. Stockbridge-Munsee Band of Mohican Indians' motion to intervene is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  June 2, 2006
        Utica, New York.

- 9 -